UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ASHRAF O. ISAAC,** | ) | CASE NO. 20-CV-1566 |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| **KARYN ZARLENGA, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Before the Court is Plaintiff Ashraf O. Issac's Petition for Hearing on Naturalization Application and Request for Declaratory and Injunctive Relief. **Doc #: 1**. Plaintiff filed his naturalization application on December 15, 2017 and was interviewed on June 27, 2018. Doc #: 1 at 6. Plaintiff asks this Court to now decide his immigration petition as permitted by 8 U.S.C. § 1447(b) and grant declaratory and injunction relief for Defendants' alleged violations of the Administrative Procedure Act. Doc #: 1 at 7-8.

Four days after Plaintiff filed his Petition, this Court ordered Defendants to investigate and file a status report by August 17, 2020, which they did. Defendants' status report reveals that the U.S. Citizenship and Immigration Services ("USCIS") will re-interview and re-examine Plaintiff on August 26, 2020. Doc #: 5 at 1.

A naturalization applicant may request a hearing from a district court where USCIS fails to make a determination on the application within 120 days of an examination. 8 U.S.C. § 1447(b). The district court may either rule on or remand the application. *Id.*

Courts regularly remand naturalization applications brought under § 1447(b), finding that they are ill-suited to decide such matters. *See Abdelkarim v. Gonzales*, 2007 U.S. Dist. LEXIS 31407, at *18 (E.D. Mich. Apr. 30, 2007); *Musaad v. Mueller*, 627 F. Supp. 2d 804, 809 (S.D. Ohio Oct. 16, 2007). Furthermore, the United States Supreme Court has stated that "judicial deference to the Executive Branch is especially appropriate in the immigration context." *I.N.S. v. Aguirre-*Aguirre, 526 U.S. 415, 425 (1999). This Court agrees, finds it is ill-suited to decide Plaintiff's naturalization application, and defers to USCIS.

Accordingly, this matter is **REMADNED** to USCIS. The Court acknowledges that Plaintiff's naturalization application has been pending since late 2017 and that he already was examined on June 27, 2018. USCIS is instructed to conduct the August 26, 2020 re-interview and re-examination and swiftly determine whether to grant or deny Plaintiff's naturalization application.

**IT IS SO ORDERED.**

/s/*Dan Aaron Polster August 18, 2020*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**